**Richard RUSSELL, Appellant,**

v.

**SAFECO INSURANCE COMPANY OF AMERICA, Appellee.**

No. 05–84–01079–CV.

Court of Appeals of Texas, Dallas.

Aug. 23, 1985.

Rehearing Denied Sept. 23, 1985.

Paul Schaumburg, Dallas, for appellant.

Rebecca L. Burt, James A. Knox, Vial, Hamilton, Koch & Knox, Dallas, for appellee.

Before GUITTARD, C.J., and CARVER and STOREY[1], JJ.

STOREY, Justice (Retired).

The question presented for decision by this appeal is whether the surety bond required by section 40(a) of article 4413(29bb) TEX.REV.CIV.STAT.ANN., the Private Investigators and Private Securities Agencies Act, is liable for the payment of damages arising from a breach of contract. We construe the act as demonstrating a legislative intent to require the posting of a fidelity bond rather than a performance bond. Consequently, we affirm the trial court's judgment which denied recovery on the bond.

The facts are undisputed. Richard Russell sued Alan Mize, an "Alarm Systems Company" or "Alarm Systems Installer" as defined in Article 4413(29bb), for breach of his contract to install a burglar alarm system in his, Russell's, place of business. Russell alleged the breach of express and implied warranties in that the burglar alarm system "has never worked properly and has never been properly serviced." He recovered judgment against Mize for treble his actual damages and attorney's fees under the Deceptive Trade Practices Act. Russell then filed the present action against Safeco Insurance Company of America, the surety, seeking to satisfy his judgment from the surety bond filed by Mize as required by article 4413(29bb). The bond provides that it is given to secure "all judgments · which may be recovered against it [Mize] by reason of the wrongful or illegal acts of its servants, officers, agents, or employees committed by them in the course of their employment."

Section 40(a) of the article provides:

No license shall be issued under this act unless the applicant files with the Board a surety bond executed by a surety company authorized to do business in this state in the sum of $10,000 conditioned to recover against the principal, its servants, officers, agents and employees by reason of its wrongful or illegal acts in conducting such business licensed under this act.

Russell argues that the words "wrongful" and "illegal" must both be given meaning and cites precedent for the proposition that a wrongful or illegal act involves the violation or neglect of a legal duty. He reasons that, here, a breach of the contract by Mize was a violation of a legal duty and, therefore, that the bond is subject to his claim for breach. We cannot agree.

Article 4413(29bb) is a comprehensive statute dealing with the licensing, training and regulation of those engaged in business as private investigators, undercover agents, security officers, courier companies, alarm systems suppliers and installers and others engaged in similar activities. The act establishes the Texas Board of Private Investigators and Private Securities Agencies with a full time director whose duty is to investigate applicants, both as to character and competence, and to continually monitor and regulate licensees in the conduct of their businesses.

In construing the act, we are bound to ascertain and give effect to the intent of the legislature, and this intent must be ascertained from the entire act and not from isolated portions. *Calvert v. Texas Pipe Line Company,* 517 S.W.2d 777 (Tex.1975). We must also construe a legislative act in favor of its constitutionality unless clearly unconstitutional on its face. While we have no old law with which to compare the present act, we must nevertheless bear in mind the evil confronting the legislature at the time of the passage of article 4413(29bb) and the remedy sought to be accomplished. Here, it is apparent that the legislature sought to protect the

**1.** The Honorable Charles H. Storey, Justice, Fifth Court of Appeals, Dallas, retired, sitting by assignment.

public generally. More importantly, however, it is clear that the legislation is directed to a unique type enterprise. Those licensed and regulated under the act are unsworn individuals who are, to varying degrees, engaged in activities closely related to those engaged in by sworn law enforcement officials. The licensees occupy sensitive positions with and are generally privy to confidential information of their employers or users of their services. These well known facts lead us to conclude that the legislature intended the required surety bond to be in the nature of a fidelity bond given to protect the employer or user of the services from abuses arising out of confidential information possessed by the licensee.

We are strengthened in this conclusion by two specific provisions of the act and, as well, by an omission from the act. The act expressly defines and includes alarm systems companies and alarm systems installers—those who sell, install, and service burglar alarm systems and similar devices. It expressly excepts from the act, however, those who sell devices over the counter or by mail order. The effect of these exceptions is to remove from the provisions of the act those who are not privy to sensitive information of the buyer. For example, an installer would generally have knowledge of the location of and access keys to an alarm system thus enabling him to by-pass the system at will. The mail order seller, on the other hand, would not normally possess this information. Further, section 40(b) of the act requires a licensee to file proof of public liability insurance covering personal injury and property damage caused by an occurrence involving the licensee. The legislature could have but did not expressly require the providers and installers to furnish a contractor's performance bond.

Finally, section 44 of the act provides that any licensee who violates a provision of the act is guilty of a misdemeanor punishable by fine or imprisonment or both. If we should adopt Russell's construction of the act, Mize's "illegal" act, that is, his breach of contract, would constitute a violation of the act for which Mize would be subject to penal sanctions. We cannot attribute to the legislature an intent to impose a penal sanction upon the simple breach of a private contract. Such an enactment would at best pose serious constitutional questions. We conclude, therefore, that the bond required by Section 40(a) is not intended to be a performance bond.

 Russell also contends on appeal that the trial court erred in concluding that Safeco did not make a fraudulent misrepresentation to him. Russell presents this as a no-evidence point of error. The only evidence regarding the alleged misrepresentation was Russell's testimony which the court was free to accept or reject. Further, Russell admitted at trial that Safeco did not agree to waive the provisions of its bond. We find no merit to the point of error.

Affirmed.